270

## In re BENTHAM.

### Patent Appeals No. 5053.

Court of Customs and Patent Appeals.
June 25, 1945.

Barry & Cyr, of Washington, D. C.
(Robt. E. Barry, of Washington, D. C., of
counsel), for appellant.

W. W. Cochran, of Washington, D. C.
(R. F. Whitehead, of Washington, D. C., of
counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and
BLAND, HATFIELD, JACKSON, and
O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of
the Board of Appeals of the United States
Patent Office affirming the decision of the
Primary Examiner rejecting claims 1 to
4, inclusive, 8, 9, and 10 in appellant's ap-
plication for a patent for an invention re-
lating to improvements in cartons formed
of sheet material, such as fiberboard.

Two claims (Nos. 6 and 7) were al-
lowed by the Primary Examiner.

Claims 1 and 8 are sufficiently illustra-
tive of the appealed claims. They read:

"1. A carton formed of sheet material
and comprising an integral one-piece bot-
tom, opposite side walls, and cover means,
end walls, each end wall having an out-
wardly projecting rim, portions of said
rims being secured to the inner surfaces of
the ends of the side walls and bottom, di-
viders extending across the carton and se-
cured respectively to the inner surfaces of
intermediate portions of the side walls,
means securing the dividers together, each
divider being integral with a reinforcing
flap superposed on the bottom of the car-
ton, each of said reinforcing flaps being of
the same width as the carton and extending
from the dividers to an end of the carton,
whereby said reinforcing flaps form togeth-
er an entire second bottom of the carton.

"8. A carton formed of sheet material
and comprising an integral one-piece bot-
tom, opposite side walls, and cover means,
end walls, each end wall having an out-
wardly projecting rim, portions of said
rims being secured to the inner surfaces of
the ends of the side walls and bottom, di-
viders extending across the carton and se-
cured respectively to the inner surfaces of
intermediate portions of the side walls,
each divider being integral with a rein-
forcing flap superposed on the bottom of
the carton, each of said reinforcing flaps
being of the same width as the carton and
extending from the dividers to an end of
the carton, whereby said reinforcing flaps
together form a second bottom of the car-
ton."

The references are: Rexford, 996,364,
June 27, 1911; Walter, 1,565,765, Dec. 15,
1925; Quackenboss, 1,985,549, Dec. 25,
1934.

Appellant's carton is used for the trans-
portation and storage of eggs or other
fragile articles. The body of the carton
comprises end walls, opposite side walls, a
one-piece bottom, and a cover, the bottom,
sidewalls and cover being formed from a
main blank of sheet material. Each of the
end walls has an outwardly projecting rim
which is secured to the inner surface of the
ends of the side walls and to the bottom
portion of the container. The carton is
provided with a divider, composed of two
sections which are secured together and
extend across the middle portion of the car-
ton. Each section of the divider is provid-
ed with a flap, which is the same width as
the carton, and which extends from the di-
vider to the end of the carton and is super-
imposed upon the inner surface of the bot-
tom, thus forming a second or reinforcing
bottom for the carton. Each section is al-
so provided along its side with an addition-
al flap. By means of the side flaps, one
section is secured to one of the side walls

and the other section is secured to the opposite side wall. The sides of the sections which are not provided with flaps are not secured to, but abut, the respective side walls.

Appellant's structure is so arranged that it may be shipped in a knocked-down or flat condition, and the allowed claims relate to that feature.

It is contended by counsel for appellant, and it seems to be evident from appellant's structure, that the flaps which reinforce the bottom of the carton, and which abut the end walls, strengthen the latter and, as stated in the brief of counsel, "aid in transferring shocks from the end walls to the medial portions of the carton." It is further contended by counsel that as the contents of the carton rest upon those flaps, the flaps, acting through the two sections of the divider and the flaps attached to the side walls, tend to "pull the opposite side walls of the carton toward one another and thereby prevent said walls from bulging."

It appears from the record that appellant's carton has been tested to determine its strength, and particularly its resistance against top and end pressure; that from the tests made it has been found that the carton "will withstand a top load of 1,820 lbs. and an end load of 685 lbs."; that, therefore, it has the strength to withstand the pressures encountered by cartons during shipment in railroad cars and when stored in warehouses; and that appellant's cartons have been commercially successful.

The patent to Rexford relates to a folding packing box composed of sheet material, such as fiberboard. The patentee discloses a divider composed of two sections secured together. Each section has a flap at its top and bottom of the same width as the carton, which extends from the divider about half the distance between the divider and the end wall. Each section of the divider is also provided with an additional flap. The additional flap on one of the sections is used to secure that section to the front side wall, whereas the one on the other section is not secured, but, as stated by the patentee, is "adapted to bear against the opposite side wall." In other words, the patentee's divider is secured to the front side wall only. The end walls of the patentee's container are provided with flaps both at the top and bottom of the same width as the container. Those flaps extend inwardly about half the distance from the

end walls to the divider. Thus the flaps on the divider and those on the end walls abut, both at the top and bottom of the container. Each of the side walls is provided with a flap at both the top and bottom of the container which is about one-half the width of the container and which is designed to fold over the flaps of the divider and those on the end walls for the purpose of forming closures for the top and bottom of the carton.

It is evident from what has been said that the patent to Rexford does not disclose a carton having a one-piece bottom, but rather one in which the bottom has two transverse seams and a longitudinal seam. Nor does it disclose flaps on the two sections of the divider extending from the divider to the end walls to provide a reinforced bottom for the carton.

The patentee discloses a modification of the structure, hereinbefore described, in which the flaps at the *top* of the divider extend from the divider to the end walls. The patentee states that in such modification, the flaps at the *top* of the end walls would be dispensed with and the material used for forming "hand holds" on the end sections for lifting and carrying the container.

The patent to Quackenboss relates to a packing container composed of sheet material, such as pasteboard or "analogous substance." The patentee discloses a divider composed of two sections secured together. Each section is provided with a flap integral therewith of the same width as the container, which extends from the divider across the top to the end wall. The flaps on the two sections of the divider thus form a closure for the top of the patentee's carton. Each section of the divider also has additional narrow flaps at the bottom and on each side. The flap on the bottom of the section is attached to the bottom of the container, and the flaps on the sides of each section are attached to the side walls. The patentee discloses a one-piece bottom. However, the flaps on the bottom portions of the patentee's divider do not extend to, and abut, the end walls and, therefore, do not form a reinforced bottom for the container, as in appellant's structure.

The patent to Walter relates to improvements in "fibre or paper board" containers, and was cited by the Primary Examiner because, as stated by the examiner, it discloses "Inset flanged end members * * * secured in position to close the ends," or, as

stated by counsel for appellant, because it discloses "recessed or shock absorbing end walls," as called for by appealed claims 4 and 8.

Appealed claims 1, 2, 3, and 9 were rejected by the Primary Examiner on the patent to Quackenboss in view of the patent to Rexford, the examiner holding that it would be obvious from the disclosures in those patents to substitute the divider or partition in the Rexford patent for the divider in the structure disclosed in the Quackenboss patent. In so holding, the Primary Examiner said: "Patent to Quackenboss discloses a carton having a one-piece bottom. An object of the Rexford device is to provide brace wings on the partition members, which wings coact with certain end wall flaps to provide a rigid structure with a smooth double thickness top and bottom. In the absence of end flaps, as shown in Fig. VI, the brace wings are each extended the full length of their respective compartments. It is considered that Rexford's specific partition structure might be substituted for that of Quackenboss without the exercise of invention, if desired, and in such substitution it would not amount to invention, there being no end flaps, to extend the brace flaps the full length of each compartment, following Rexford's own teaching."

Appealed claims 4 and 8 were rejected by the examiner on the disclosure in the Quackenboss patent in view of the Rexford and Walter disclosures.

Claim 10 was rejected by the examiner, according to his statement to the Board of Appeals, "for the same reasons as claims 1, 2, 3, 4, 8 and 9."

The Board of Appeals affirmed the examiner's decision for the reasons stated by him.

It will be observed from the quoted excerpt from the examiner's statement to the Board of Appeals that he was of opinion that the patentee Rexford disclosed the idea, in Fig. VI of his patent, of eliminating the flaps at *both the top and bottom of the end walls* and modifying his divider so that the flaps on the top and bottom portions of the divider would extend the full length of their respective compartments.

It is true that Rexford discloses the idea of eliminating the flaps on the top of the end walls and extending the flaps on the top of the divider the full length of each compartment. However, we are unable to find any suggestion in the patent that the patentee contemplated a similar structure for the bottom of his container.

Should the Rexford divider be substituted for the divider in the Quackenboss carton, as suggested by the examiner, the contents of the carton would rest only partially on the flaps of the divider and the greater weight would rest on that portion of the bottom of the container which is composed of a single thickness of sheet material. Such an arrangement would not have the advantages of appellant's carton where the flaps on the bottom of the divider, when under pressure, not only reinforce the bottom of the carton, but also abut the end walls and strengthen them, and acting through the divider and the flaps, by means of which the divider is attached to the side walls in the manner hereinbefore stated, tend to pull the opposing side walls together and prevent bulging.

We think it is evident from what has been said that the substitution of the divider disclosed in the patent to Rexford for the divider disclosed in the Quackenboss patent would not produce appellant's carton or one having its advantages, and that in order to produce such a carton it would be necessary to modify the Rexford divider to a considerable extent.

We find nothing in the references of record that suggests such a substitution and modification. Accordingly, we are constrained to disagree with the conclusion reached by the Board of Appeals.

For the reasons stated, the decision is reversed.

Reversed.